LMN:VR:KAN
F. #2009R01801

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

CHEE THYE CHAW,
    also known as
    "Simon CT Chaw,"
        Defendant.

- - - - - - - - - - - - - - - -X

PRELIMINARY ORDER
OF FORFEITURE

010 CR 039 (DGT)

        WHEREAS, on or about June 24, 2010, the Defendant, CHEE THYE CHAW, entered a plea of guilty to Count One of the above-captioned indictment, charging violations of 18 U.S.C. § 545; and

        WHEREAS, the defendant has consented to the forfeiture of (i) Approximately sixteen (16) Asian Bonytongue fish (Scleropages formosus), imported, or attempted to be imported, into the United States from Malaysia on or about and between April 5, 2009 and April 6, 2009; (ii) Approximately four (4) Asian Bonytongue fish (Scleropages formosus) recovered from the Defendant's home on or about December 22, 2009; and (iii) Three (3) fish tanks, approximately 200 gallons each, located in the Defendant's home, pursuant to 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 545, and 21 U.S.C. 853(p), as merchandise introduced into the U.S. in violation of 18 U.S.C. 545 and/or as substitute assets.

                                                                  2

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the Defendant as follows:

1. The Defendant hereby agrees to forfeit all of his right, title and interest in the Forfeited Property pursuant 18 U.S.C. §§ 982 (a)(2)(B) and 545, and 21 U.S.C. § 853(p), as property introduced into the United States in violation of 18 U.S.C. § 545, and/or as substitute assets pursuant to 21 U.S.C. § 853(p).

2. The United States Attorney's Office shall publish notice of this Order and notice of its intent to dispose of the Forfeited Assets in such a manner as the Attorney General or his designee may direct, on the government's website located at www.forfeiture.gov, in accordance with the custom and practice in this district. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Property as a substitute for published notice as to those persons so notified.

3. Upon entry of this Order, the United States Attorney General or his designee is authorized to seize the Forfeited Property, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Preliminary Order.

4. Any person, other than the Defendant, asserting a legal interest in the Forfeited Property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Forfeited Property must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

5. The Defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeited Property in any administrative or judicial proceeding. If the Forfeited Property, or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the Defendant up to the value of the Forfeited Property not forfeited pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The Defendant shall execute any and all documents necessary to effectuate the

4

surrender and forfeiture of the Forfeited Property. The forfeiture of the Forfeited Property shall not to be considered a payment of a fine or a payment on any income taxes that may be due.

6. The Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and properties forfeited hereunder. In addition, the Defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7. This Preliminary Order shall be final and binding only upon the Court's "so ordering" of this Preliminary Order.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Order shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P.32.2(c)(2).

5

9. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order.

10. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order of Forfeiture to Asset Forfeiture Paralegal Yvette Ramos, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       December ____, 2010

                                    _____
                                    HONORABLE DAVID G. TRAGER
                                    UNITED STATES DISTRICT JUDGE